KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Tomlinson, | No. CV 08-693-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Donald Tomlinson, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants to answer Count III of the Complaint and will dismiss the remaining claims without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.60. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff names Maricopa County Sheriff Joseph M. Arpaio and Fourth Avenue Jail Commander Captain Haggart as Defendants to the Complaint. Plaintiff alleges three grounds for relief: (1) from May 2005 to April 2008, Plaintiff has been held with convicted inmates and has experienced verbal and physical threats, in violation of his due process rights and right to be free from cruel and unusual punishment; (2) since February 2007, Plaintiff's unit has only had access to the dayroom for seven hours per day, in violation of his due process rights and right to be free from cruel and unusual punishment; and (3) Plaintiff receives insufficient and spoiled food in violation of his right to be free from cruel and unusual punishment. Liberally construed, Count III states a claim and the Court will require Defendants to answer Count III.

## IV. Failure to State a Claim

### A. Count I

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of Social Services,

1    436 U.S. 658, 691 (1978).  There is no *respondeat superior* liability under § 1983, and
2    therefore, a defendant's position as the supervisor of persons who allegedly violated
3    Plaintiff's constitutional rights does not impose liability. <u>Monell</u>, 436 U.S. 658; <u>Hamilton</u>
4    <u>v. Endell</u>, 981 F.2d 1062, 1067 (9th Cir. 1992); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.
5    1989).

6          In Count I, Plaintiff alleges that he "experienced many physical threats from sentenced
7    inmates" and "experienced many acts of physical assault from sentenced inmates." Although
8    Plaintiff alleges that Defendants are responsible for the Jail and are responsible for forming
9    policies governing the Jail, Plaintiff has not alleged that Defendants were aware of the
10   specific threats against him nor has he described specific policies which resulted in his
11   injuries.  Plaintiff has failed to state a claim against the named Defendants in Count I and
12   Count I will be dismissed.

13       **B.**    **Count II**

14         A pretrial detainee's claim for unconstitutional conditions of confinement arises from
15   the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment
16   prohibition against cruel and unusual punishment.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 535
17   (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant
18   acted with deliberate indifference.  <u>See</u> <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).
19         To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First,
20   the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the
21   official's act or omission must result in the denial of "the minimal civilized measure of life's
22   necessities."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  These are "deprivations of
23   essential food, medical care, or sanitation" or "other conditions intolerable for prison
24   confinement."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348 (1981).  To determine whether a
25   violation has occurred, a Court should consider the circumstances, nature and duration of a
26   deprivation of these necessities.  <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).  "The
27   more basic the need, the shorter the time it can be withheld."  <u>Hoptowit v. Ray</u>, 682 F.2d
28   1287, 1259 (9th Cir. 1982).

Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

In Count II, Plaintiff claims that since February 2007 his housing unit has only been allowed seven hours of daily access to the dayroom. Plaintiff claims that this limits his ability to access telephones, exercise, and to have visitation. Plaintiff has not alleged that he has been denied any of the above activities and has not alleged limitations that would constitute the denial of "the minimal civilized measure of life's necessities." Because Plaintiff has not alleged deprivations serious enough to constitute an Eighth Amendment violation, the Court will dismiss Count II for failure to state a claim.

## V.     Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

1 an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply
2 may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.60.

(3) Counts I and II are **dismissed** without prejudice.

(4) Defendants Arpaio and Haggart must answer Count III.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Arpaio and Haggart.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of

this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 21st day of May, 2008.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge